I'm with the firm Stobson & Clarence Brothers over in Alton, with me today is John Dale Stomps, another partner at our firm. Mr. Stomps handled this case at the trial court level, and he's going to talk to us a little bit about how he handled it.   The issue in this case, this case is a personal injury matter at the, started as a personal injury matter I should say, at the Alton Square Mall. We represented Mrs. Burns, she's the plaintiff in this matter. While doing a little post-Christmas shopping in the end of 2010, she was walking out to her car in front of Macy's at the Alton Mall, stepped into a pothole in the parking lot, and unfortunately broke her leg in a few places and sustained some injury. Now, this was not the, just for a little background, this was not the only pothole in the parking lot that Mrs. Burns happened upon. At that point in time, the Alton Square Mall parking lot, which is pretty big as most shopping malls are, was just littered with potholes just about everywhere. It was quite in what we believe to be a state of disrepair. Simon is one of the defendants in this matter. Simon Properties Group owned the mall for a period of years, running up to the, immediately preceding the time when the injury happened to Mrs. Burns in the end of 2010. No, you say what? They owned the mall. Simon owned the mall. Not at the time of the injury. Not at the time of the injury. No, no, correct. Speak up, because we're recording. I apologize. No. Just for your own benefit, they're recording it. Simon, no, you're right. Simon owned the mall from, I believe, either late 80s or at some point in the early 90s all the way through, it was 2007. And during that time, they had an obligation to maintain the parking lot that went all the way around the mall. And it's through their failure to do so that we allege they created what we call a public nuisance. And that is the basis of our complaint against Simon Properties Group. Now, it was a three-count complaint that was dismissed in the trial court back in Madison County. All have to do with the issue of being a public nuisance. It is, first and foremost, it's our position that the dismissal of our complaint and the analysis as drafted by the trial court in its near seven-page opinion was premature. If you look at the order, and we have it in our appendix, a great detail and analysis is performed as to the merits of the cause of action itself. The motion to dismiss that was filed was based on a 615 motion to dismiss, a sufficiency of the pleadings motion to dismiss. It's our position that the trial court, in interpreting and rendering its ruling on this dismissal motion, should have looked no further than a simple pleading motion to ensure that we had sufficiently pled the elements of the cause of action alleged, and that we had provided some factual allegations in support thereof. Instead of doing that, the trial court took it substantially further in providing an analysis as to whether or not we could eventually prevail on this public nuisance cause of action. And we feel that that analysis would be more appropriate, if ever, perhaps later, at the close of discovery, when we have already obtained an evidentiary basis and someone were to file, say, a motion for summary judgment. We feel that this analysis and those arguments put forth by the defendant would be more appropriate at that stage rather than in a 615 motion to dismiss, if ever. So we feel that the order of the court dismissing our complaint and going beyond what we contend is a simple pleadings check, should have been a simple pleadings check, was incredibly premature. And for that reason, we believe that this matter should be, for that reason alone, we feel this matter should be reversed for further hearing. But, however, as to the merits of a plaintiff's complaint and what we had alleged in support, we feel that... Well, now, are you alleging more that it would be dismissed, that this should be for a 619 as opposed to a 615? I believe the motion that was filed was... Was a 615. Was a 615. But you're arguing that more should be allowed so that you at least get to a 619. At least a 619, or at least, or we thought this argument, the arguments made by the defendant and the analysis by the trial court would be more appropriate, say, a motion for summary judgment. I mean, we were just in the pleadings. Okay. And we feel that our complaint... So, I mean, on the basic issue of the analysis and the reasoning provided by the trial court, we feel this matter should be reversed. I'm being incredibly premature, if ever. But, as to our complaint as drafted, as to whether or not we sufficiently did plead the cause of action for public nuisance, we believe that we certainly accomplished that. In order to state a cause of action for public nuisance, the plaintiff must plead sufficient facts. Number one, from which the law gives him certain rights. Two, a transgression of those rights by the defendant. And three, damages as a proximate result. We believe that we sufficiently pled those elements and provided a factual basis to sustain the cause of action asserted. On the motion to dismiss, the plaintiff did not have the opportunity to develop all of the evidentiary facts regarding, for example, the number of mall patrons, the size and nature of the stores, the extent of the public usage, and other factors that would support this cause of action, including a thorough analysis of the defendant's maintenance records. I mean, that's really all we were able to obtain up until the point at which this motion to dismiss was filed. So, in the posture of the case, we feel it's premature for the court to unilaterally find there's no public nuisance to state in the complaint. We feel that the allegations and elements as stated in the complaint did sufficiently sustain a cause of action for a public nuisance. And that, furthermore, that the defendant, in its motion to dismiss, did not provide, and really, if you saw the order, the order, the trial court seems to be, I don't want to say necessarily distracted, but the analysis seems to focus on whether or not a public nuisance action can prevail if the property itself is privately or publicly owned. The trial court won't seem to want to hinge its analysis on that. Again, we feel that's incredibly premature, but since we're there, we'll go ahead and go there. That very issue about whether or not the public or private nature of the property should dictate whether or not this cause of action could prevail, I mean, there was no evidence or there was no evidence, there was nothing in the record, no affidavits, to my knowledge, from the defendant on that issue as to whether the public or private nature of the business or of the property should give rise, can give rise to... So your complaint didn't allege that Simon had any interest in the property or had had any interest in the property at any time? No, I believe we properly alleged that Simon had ownership of the property when it did. At a certain time, before? At that time, they had an obligation to maintain the parking lot, and through their failure to do so, created the public nuisance that led to my client becoming injured. We feel that that argument is incredibly premature, and that the court's ruling that the parking lot was not a public place and that the condition was not a public nuisance, I mean, those are factual determinations that were not only not supported by the evidence that was in front of the court at that time, but also we would contend those are factual determinations to be later made by the trier fact. So, again, I can answer any more questions you have at this time. Otherwise, I would just yield to counsel and take up the rest on rebuttal. But we just feel that the ruling of the court was incredibly premature and that we should have another opportunity to proceed. Thank you, counsel. May it please the court, counsel, the plaintiff. My name is David Schott from the firm of Oakland Fitzgerald, and it's also based in Albany, Illinois. I'm here today representing the defendant, Simon Property Group. I think I want to clarify, to begin with, our motion to dismiss the trial level. Our motion to dismiss the trial level was not simply a 2-6-15 motion. It was a combined 2-6-15 and a 2-6-19 motion. The trial court, in its order dismissing plaintiff's complaint for failure to state a cause of action, never reached the 2-6-19 portion of our motion to dismiss because they had found that the plaintiff had not alleged sufficient facts to properly lay a claim for public nuisance. The facts in this case apparently are still in dispute as well. The undisputed fact is that Simon Property Group never owned a parking lot where the plaintiff fell. In fact, the only thing they did is they managed that property, including the parking lot, until August 1, 2007. The plaintiff in this case fell roughly three and a half years later on January 1, 2011. The plaintiff alleges in their complaint to get to a public nuisance that this pothole existed at or before August 1, 2007. Public nuisance has been defined in the Illinois case law as the doing or failure to do something that adversely affects the safety, health, or morals of the public. The Illinois Supreme Court case that is most directly on point here is the City of Chicago v. Beretta. And in that case, the Illinois Supreme Court said that the sine qua non of a public nuisance action is a violation or an unreasonable interference with a public right. Those facts are not alleged here. When discussing what constitutes a violation of a public right, the Beretta court cited the Section 821B, specifically Comment G, of the Second Restatement of Torts. This comment gives examples of what does and what does not constitute a violation of a public right. For example, what the Second Restatement of Torts says is that if you pollute a river and that pollution affects 50 or 100 landowners who can't use that river water for their own use, that's not a violation of a public right. However, if you take that same pollution and now the people in the community can't fish in that river or the people can't go to their favorite swimming hole and swim, that does constitute a violation of a public right. I have been unable to find a case file directly on point as I noted to the trial court and as I noted in my brief to this court with regards to something on all four corners with the facts of this case, i.e. someone who slipped and fell on a business parking lot over at Poplar, as the allegations are. However, the trial court, in its order dismissing this case for failure to state a cause of action, cited two cases from other jurisdictions. One is Reschutte, and that case is out of Pennsylvania. In Reschutte, the court held, based on the same exact facts, you're on a private piece of property business, you fall in a pothole, that that is not a violation of a public right because it does not affect the community at large. Likewise, in Riton, where that's a Connecticut State court case, the court held that when you go on a business owner's property and transact your own business, that is not going there to exercise a public right, and therefore there is no cause of action for public nuisance. What these cases stand for is the same proposition that the Beretta court said. When they went on in their opinion at some length on what constitutes a private right, they concluded that the right not to be negligently injured is not a public right. It is a private right. You may have a private cause of action for it, but what you don't have is a cause for public nuisance. They also went on to say, specifically with regards to that case, that the right not to be assaulted is also a private right and not a public right. The basis of plaintiff's complaint is simply that. She went on a parking lot that was maintained by Simon Property Group three and a half years before she fell, and she was injured. And because that pothole may or may not have existed at the time Simon Property Group maintained that parking lot, they're liable for public nuisance. That's not a violation of a public right. That's an allegation for the right not to be negligently injured, and therefore the trial court was properly dismissed the case for failure to state a cause of action for public nuisance. The second point I want to address because we're here and this court, I believe, can use any basis in the record to affirm the trial court's ruling is the 2619 motion as well. And in that, we attach an affidavit showing at the time of the accident, Simon Property Group was never the owner, never the owner of this property, nor were they maintaining the property at the time of the accident. And there's an issue of control here, and what the case law indicates is that when you're talking about a nuisance that is part of or that arises from the land, then control is necessary for the imposition of liability. The plaintiff's cite to the Beretta court for this proposition as well, for the proposition that control is not an element for a cause of action for public nuisance. They're sort of right. What the Beretta court held is where you're talking about public nuisance, and the nuisance is not part of the land or not an instrumentality of the land, then control is not necessary to impose liability. However, where the nuisance arises from or is part of the land, control is necessary to impose liability. Those facts do not exist here. Let me be very clear, as I've stated to the trial court, because there still appears to be some confusion based on what the plaintiffs are arguing. Simon Property Group never owned this property. Simon Property Group had not maintained this property, which they allege in their own complaint, since August 1, 2007. That's three and a half years before the plaintiff fell. The Illinois Supreme Court in Beretta cites a litany of cases, which I've also cited in my brief. There's one I want you to bring up in particular, and that's Mazenbach v. Buckner, because it's the most closely to the facts of our case. In Mazenbach, the property owners had purchased property, and it was adjacent to a public park, and along their property line ran a fence. While they owned that property for 14 years, they maintained that fence. They sold the property. One year later, a child, I think it was a child, was trying to jump the fence or climb the fence, and he fell over. He sues the former property owner, saying, you maintained the nuisance. The trial court dismissed the plaintiff's claim on that case, and what they said, and I'll quote directly from Mazenbach, is, In Illinois, the liability of a landowner for injuries occurring in connection with the property ends with the cessation of ownership, possession, and control of that property. That's exactly what we have here, except for two things. One, in our case, we're talking about Pothole and Mazenbach. It's a fence. And two, in that case, the time of the lapse before the date of injury, one year. Here, it's three and a half years. And there's a reason for this rule of law. It's simply this. If you require someone to go back and maintain property after they sell or after they stop having a duty to maintain it as a property manager, essentially what you're holding is that they will always have a duty to maintain that property in perpetuity. And I think the Mazenbach case, the court there says it a lot better than I just said it, so I'll read what they said. The free and unhindered alienation of real property, along with public policy in Illinois, would be seriously and adversely affected if property owners were to become liable for personal injuries, which occurred long after they sold their interest to another. Where a landowner clearly has no right to control the property after he sells it to another, he likewise can't have no duty to third persons injured in connection with the property after the sale. This case is cited as authority in the Brenna as well. One last point I want to bring up is that in their brief they say, well, the second restatement of torts, I believe it's section 840A1, says that if a vendor or lessor of a property has property that has a nuisance on it at the time they sell it or lease it, they remain liable for that nuisance. I would bring up two points. One, in this case, as our affidavit is undisputed, let me make it very clear, which says we weren't the owner of the property. We weren't the owner, so we never sold it, and we weren't the lessor of the property. The property, it's undisputed, was owned by Macy's. So even if this were the law, it would not apply to the facts of this case. But two, I've been unable to find any case law which cites this particular section of the torts as the law for Illinois. And in fact, Mazenbach and Beretta would seem to undermine that section of the restatement of torts as violating the public policy of Illinois. And in fact, Mazenbach discussed whether, in discussing this case where they dismissed the defendants because they weren't the owner of the property at the time of the alleged accident, distinguishes between a lessor and an owner. And what they say is, well, if you cease owning it or maintaining it, you're no longer liable. However, if you're a lessor of the property, if you lease the property, you can still be liable for maintenance because you're receiving rent, and that's consideration for the maintenance. Those facts don't exist here either. And so for those reasons, I would ask that this court affirm the trial court's order dismissing plaintiff's cause of action. Thank you. In response, Your Honors, we contend we heard a lot of argument, of course. We saw it as well in the brief about the issue of ownership and control. And we certainly, there's, he said a few times that they never owned this parking lot, and at the time of the accident, they didn't have a duty to maintain it. The arrangement that Macy's or May Company had with the Simon Properties, when Simon Properties owned the mall, was to, Macy's owns the parking lot, and JCPenney's on the other end of the mall may as well, directly in front of the department store. However, they have contracts with Simon, and then they had subsequent contracts with the subsequent owner of the mall, when Simon sold the mall, with whoever owns the mall, to maintain the entire parking lot. And that's why they were named as a defendant in this lawsuit, because they had a duty to maintain for over ten years this parking lot where the plaintiff was injured, running up to the three years or two and a half years before Mrs. Burns fell and was injured. And they created the public nuisance that eventually led to her, which was not addressed after their ownership. So anyway, on the issue of ownership itself, I just want to make a few things clear. Number one, in looking over the court's order of July 3, 2012, in which it dismissed our complaint, the basis for the dismissal had absolutely nothing to do whether or not Simon Properties either owned the parking lot or had a contractual obligation to maintain the parking lot at the time the injury happened. The basis for the dismissal was all about whether or not the mall was a public or private place and whether we can sustain a cause of action for public nuisance on property that is privately owned. So that's the – I mean, the arguments that counsel is making are – could potentially be well taken, but I say again, in response to maybe a later motion for summary judgment, assuming that that is the – I mean, of course, we did not agree to resign the restatement of torts in a few cases, suggesting that just because you no longer own or control the property or something that drives the injury, that doesn't mean you're no longer responsible for what happens from a condition that you caused. So, I mean, we don't concede that – we certainly don't concede, and did not in our brief, that the transfer of ownership somehow absolves any tort fees or liability. However, we do contend that even considering that issue is, again, incredibly premature. The issue of ownership or control was not addressed in the order and was not a basis for the court's dismissal of the order, which was entirely pursuant to 2-615. They did attempt to – they did file a combined 6-15 and 6-19 motion, and reading the transcript, which is also part of the record, I mean, immediately the court indicated how that practice is frowned upon, but as you see, the court in the order did not even take up any basis for the 6-19 dismissal and dismissed our complaint solely – with prejudice and without leave to amend, solely on the basis – solely pursuant to 6-15. So, again, we feel that the case law will – once we get to that point, will show that we prevail on a public nuisance cause of action against Simon Properties. But, again, that is – that analysis and argument, I believe, is incredibly premature. In conclusion, we believe Simon Properties created the pothole and the dangerous condition by nature of public nuisance cause of action arises whenever a danger is created – a danger to the safety of the public is created. Simon, through its ownership of the mall and contractual obligation to maintain the parking lot where this injury occurred, it gave – and their failure to do – and their failure to do just that created the dangerous condition of the public that did lead to Mrs. Burns' unfortunate accident and her injuries. The court doesn't have any further questions. I would disrespectfully request that this court reverse the order of dismissal pursuant to 2-6-15 for further hearing at the trial court. I would also ask that the court find that the plaintiff's complaint against defendant Simon Properties for three counts involving public nuisance were properly pled and that it be remanded for further hearing. Thank you very much.